IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARCI DAWN MARTINEZ | ) | |
| | ) | |
| v. | ) | NO. 3:20-00018 |
| | ) | |
| WYATT JOHNSON | ) | |

**TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

# A M E N D E D
# R E P O R T   A N D   R E C O M M E N D A T I O N[1]

By Order entered February 20, 2020 (Docket Entry No. 5), the Court referred this *pro se* action to the Magistrate Judge for pretrial matters under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rule of Court.

Presently pending is the motion for summary judgment filed by Defendant Wyatt Johnson Group, Inc. (Docket Entry No. 13). For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this case be dismissed.

## I. BACKGROUND

Darci Dawn Martinez ("Plaintiff") is a resident of Clarksville, Tennessee who was formerly employed by Wyatt Johnson Automotive Group, Inc. ("Defendant" or "Wyatt Johnson"). She filed this *pro se* lawsuit on January 8, 2020, seeking damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") based on allegations that she had been subjected to

---

[1]This report and recommendation replaces the previous report and recommendation issued on September 15, 2020, which referred to a filing made by Plaintiff, her response to the pending motion for summary judgment, *see* Docket Entry No. 19, that was not accurately scanned onto the electronic docket. That September 15 report and recommendation is vacated by separate order and is replaced in its entirety by this report and recommendation.

employment discrimination because of her gender/sex  *See* Complaint (Docket Entry No. 1).  The entirety of the factual allegations set out in Plaintiff's complaint are as follows:

> I was moved from Wyatt Johnson Subaru/Hyundai to Wyatt Johnson Toyota against my will in June of 2018 because of my relationship with the preowned assistant manager and all of my coworkers in similar situation were not relocated.
>
> When I displayed unhappiness in January 2019 at being moved via email, requesting a Saturday off and to ask to go back to Subaru no one responded and I was fired on the next Monday.

*Id* at 5.  Plaintiff asserts that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 3, 2019, and received a notice of right to sue letter ("RTS Letter") on October 11, 2019.  *Id*.  Attached as an exhibit to the complaint is a copy of the RTS, which is dated September 30, 2019.  *Id.* at 7.

Defendant filed an answer, acknowledging that Plaintiff was transferred to a different dealership after it was discovered that she was romantically involved with her supervisor.  *See* Docket Entry No. 10.  Defendant also acknowledges that Plaintiff was terminated from her employment, contending that she missed workdays, missed sales meetings, and was excessively tardy.  *Id*.  Defendant denies treating Plaintiff in an unlawful manner.  *Id*.  In its answer, Defendant demands a trial by jury.  *Id*.  A scheduling order has been entered, providing the parties with a period for pretrial activity in the case.  *See* Docket Entry No. 11.  There are no other pending motions.

## II.  MOTION FOR SUMMARY JUDGMENT AND RESPONSE

By its motion for summary judgment, Defendant challenges the timeliness of Plaintiff's lawsuit, arguing that Plaintiff's complaint was filed beyond the 90 day limitations period that is applicable after the issuance of the RTS Letter.  *See* Memorandum in Support (Docket Entry No. 14).  Defendant supports it motion with a statement of undisputed material facts (Docket Entry No. 15), a copy of Plaintiff's charge of discrimination (Docket Entry No. 15-1), a copy of a Freedom of Information Act request made by Defendant to the EEOC (Docket Entry No. 15-2), and a copy of

an activity log for an EEOC on-line data base for Plaintiff's administrative proceeding before the EEOC (Docket Entry No. 15-3).

Defendant offers two theories for why Plaintiff's lawsuit should be dismissed as untimely. First, Defendant argues that this Circuit's "presumptive receipt" rule should apply and Plaintiff should be deemed to have received delivery of the RTS Letter five days after it was mailed. *Id*. at 5-6. Under this theory, Defendant argues that Plaintiff should be deemed to have received delivery of the RTS Letter on October 5, 2019, and her complaint was required to have been filed by January 3, 2020. *Id*. Defendant's second theory is that Plaintiff should be deemed to have either actual or constructive notice of the RTS Letter because it was a part of the EEOC's on-line database that she accessed after the RTS Letter was issued. *Id.* at 6-7. Defendant contends that Plaintiff accessed the database on October 7, 2019, to downloaded her charge of discrimination and, because she had the ability to also view and download the RTS Letter at that time, she could have also viewed the RTS Letter or should have known that she needed to view the RTS Letter at that time. Under this thoery, Defendant argues that the 90 day period should be deemed to have been triggered on October 7, 2019, requiring Plaintiff to have filed her complaint by January 6, 2020.[2] *Id.* at 7-8.

In response to the motion, Plaintiff submits a response to Defendant's statement of undisputed material facts.[3] *See* Docket Entry No. 19. The only actual argument made by Plaintiff against dismissal is the following statement:

---

[2] Defendant notes that 90 days from October 7, 2019, fell on Sunday, January 5, 2020, and, thus, the following Monday, would be the final day of the 90 day period. *See* Memorandum at 7, n.1.

[3] In the original Report and Recommendation, the Court noted that Plaintiff answered only pages 1 and 3 of Defendant's three page statement of undisputed material facts. *See* Docket Entry No. 21 at 3. However, examination of the original filing made by Plaintiff shows that the copy of her response that was scanned onto the electronic docket was missing page 2 of her response to Defendant's statement of undisputed material facts. This Amended Report and Recommendation has been entered to rectify this inaccuracy. However, the Court's analysis of the underlying issue of the timeliness of this action is not affected one way or the other by including review of the previously omitted page 2 of her response.

3

> Regardless of when it was mailed, I was not home to get my mail as I was in Michigan with my family from Oct. 6-10, so the very earliest I could [have] opened it was Oct. 10, 2019. I have included affidavits to support this claim.

*Id*. at 2. Plaintiff submits the affidavits from two women, who are apparently relatives of Plaintiff that live in Michigan. *See* Docket Entry No. 19 at 3 & 4. The women attest that Plaintiff was with them in Michigan from October 6-10, 2019. *Id*. Plaintiff finally asserts that she did not know or see the RTS Letter when she accessed the EEOC on-line database. *Id*. at 2.

Defendant replies that Plaintiff's response is, itself, untimely having been filed one day past the Court's August 24, 2020, deadline for her to file a response. *See* Reply (Docket Entry No. 20). Defendant further contends that Plaintiff's response fails to provide actual proof that either rebuts the presumption that she received the RTS Letter on October 5, 2019, or that she had access to the RTS Letter on October 7, 2019, when she accessed the EEOC on-line database. *Id.*

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant

4

probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### IV. ANALYSIS

Based on the record that is currently before the Court, Defendant's motion for summary judgment should be granted. Although the Court declines Defendant's request to disregard Plaintiff's response to its motion, Plaintiff's response fails to adequately counter Defendant's main argument for dismissal and Plaintiff has not set forth evidence showing that complaint was timely filed.

A plaintiff pursuing a claim under Title VII must file his or her lawsuit within 90 days of receipt of the right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Fuller v. Mich. Dep't of Transp.*, 580 Fed.App'x 416, 424 (6th Cir. 2014); *Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998). Although compliance with this statutory time limit is not a jurisdictional matter, the time limit is strictly enforced. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

In the instant action, Plaintiff avers in her complaint that she received the RTS Letter on October 11, 2019. *See* Complaint at 5. This date would render her January 8, 2020, complaint as having been filed on the 89th day of the 90 day period and thus timely. Statements set out in a complaint are subject to challenge, however, which is what Defendant has done by virtue of its motion for summary judgment that raises the affirmative defense of the statute of limitations. Defendant argues that Plaintiff's unsupported averment of when she received the RTS Letter should not be controlling and that the Court should apply the "presumptive receipt" rule that has been adopted in the Sixth Circuit. Under this rule, a plaintiff is presumed to have received delivery and receipt of the right-to-sue letter within five days following the EEOC's mailing of the letter.

*Graham–Humphreys*, 209 F.3d at 557-58; *Banks v. Rockwell Int'l North American Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988). In *Graham-Humphreys*, the Sixth Circuit specifically noted that the rule creates a rebuttable presumption:

> the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period.

209 F.3d at 557. Accordingly, the avenue for relief from application of the presumptive receipt rule raised by Defendant requires a plaintiff to set forth proof that the plaintiff did not receive the right-to-sue letter within the five day period. *See Rembisz v. Lew*, 830 F.3d 681, 683 (6th Cir. 2016), and *Rembisz v. Lew*, 590 Fed.App'x 501, 504 (6th Cir. 2014) (although the plaintiff's allegation in his complaint of the date on which he received a right to sue letter was sufficient to defeat a motion to dismiss, the plaintiff, when challenged upon a motion for summary judgment, must come forward with evidence that rebuts the presumption that the mailed notice was received by the plaintiff or his counsel within the five day period).

Plaintiff has not provided any evidence showing that her complaint is timely. Although she has provided evidence in the form of the two affidavits from her Michigan relatives that she was in Michigan from October 6-10, 2019, she has not provided any evidence either (1) supporting her averment that she received the RTS Letter on October 11, 2019, or (2) showing that she did not receive the RTS letter or notification of the RTS Letter during the five day period between September 30 2019, and October 5, 2019. Plaintiff's statement in her complaint is not evidence. Nor are the unsworn statements that she makes in her response in opposition to the motion for summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970); *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n.1 (6th Cir. 2010); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 969 (6th Cir. 1991).

In the end, there is no evidence in the record of when Plaintiff received the RTS Letter. Given the lack of proof from Plaintiff of when she received the RTS Letter, the five-day presumptive

receipt rule applies. *See Lacheta v. Madison Cnty. Hosp.*, 2009 WL 3515378 (S.D.Ohio Oct. 28, 2009) (five-day presumption applied because plaintiff failed to offer proof in support of her assertion that she did not receive the right-to-sue letter); *Ellington v. Consolidated Biscuit Co.*, 2008 WL 3914982 (E.D.Ky. Aug. 21, 2008) (plaintiff's contradictory and unsubstantiated evidence of when he received the right-to-sue letter failed to rebut the five-day presumption rule); *Carter v. Jack Daniel's Distillery*, 2002 WL 32059015 (E.D.Tenn. Nov. 26, 2002) (plaintiff's unsubstantiated, self-serving affidavit failed to rebut the five-day presumption rule and raise genuine issue of material fact precluding the entry of summary judgment).

Because Plaintiff has not rebutted this presumption, she is presumed to have received notice of her RTS Letter on October 5, 2019, and her complaint was required to have been filed 90 days later by January 3, 2020. However, it was not filed until January 8, 2020. Accordingly, the complaint was not filed within the 90 day period and should be dismissed as untimely. A lawsuit is subject to dismissal as untimely, even if filed only a few days late. *See Graham-Humphreys*, 209 F.3d at 561; *Peete v. American Standard Graphic*, 885 F.2d 331, 331-32 (6th Cir. 1989); *Adams v. Noble*, 137 F.Supp.2d 1054, 1058 (S.D.Ohio 2001).

In reaching the conclusion that Plaintiff's complaint is untimely, the Court relies only upon Plaintiff's failure to rebut the *Graham-Humphreys* presumption and does not adopt Defendant's argument that actual or constructive receipt of the RTS Letter should be imputed to Plaintiff because she accessed the EEOC's on-line database on October 7, 2019. The activity log presented by Defendant does not show that Plaintiff downloaded or actually accessed the RTS Letter, *see* Docket Entry No. 15-3, and fails to constitute evidence that Plaintiff had actual receipt of the RTS Letter via the on-line database.

With respect to constructive receipt of a right-to-sue letter, case law does impute constructive receipt to a plaintiff in situations in which a plaintiff has received certified mail or other notification that a right-to-sue letter has been mailed. *See Graham-Humphreys*, *supra*. However, the Court declines to extend this authority to the instant situation involving the EEOC's on-line database.

7

Defendant has offered no case that is directly on point and that supports this extension. Further, Defendant has not offered any evidence that the EEOC has adopted a practice of providing notice of a right-to-sue letter to parties via access to its on-line database such that a party's ability to access a right-to sue letter via an on-line database can be viewed as the functional equivalent of a certified mailing or other notice of mailing of a right-to-sue letter.

## R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully RECOMMENDED that the motion of Defendant Wyatt Johnson Group, Inc. (Docket Entry No. 13) for summary judgment be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge