IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DARCI DAWN MARTINEZ )
)
v. ) NO. 3:20-00018
)
WYATT JOHNSON )

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered February 20, 2020 (Docket Entry No. 5), the Court referred this *pro se* action to the Magistrate Judge for pretrial matters under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rule of Court.

Presently pending is the motion for summary judgment filed by Defendant Wyatt Johnson Group, Inc. (Docket Entry No. 13). For the reasons set out below, the undersigned respectfully recommends that the motion be denied.[1]

## I. BACKGROUND

Darci Dawn Martinez ("Plaintiff") is a resident of Clarksville, Tennessee who was formerly employed by Wyatt Johnson Automotive Group, Inc. ("Defendant" or "Wyatt Johnson"). She filed this *pro se* lawsuit on January 8, 2020, seeking damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") based on allegations that she had been subjected to

---

[1] As set out in Section III of this Report and Recommendation, the prior Amended Report and Recommendation (Docket Entry No. 23), which addressed the motion for summary judgment, was vacated by Order entered October 28, 2020 (Docket Entry No. 25). Because the Amended Report and Recommendation was vacated, the undersigned has entered a new Report and Recommendation instead of merely entering a supplemental report and recommendation that refers to the contents of a previous filing.

employment discrimination because of her gender/sex *See* Complaint (Docket Entry No. 1). The entirety of the factual allegations set out in Plaintiff's complaint are as follows:

> I was moved from Wyatt Johnson Subaru/Hyundai to Wyatt Johnson Toyota against my will in June of 2018 because of my relationship with the preowned assistant manager and all of my coworkers in similar situation were not relocated.
>
> When I displayed unhappiness in January 2019 at being moved via email, requesting a Saturday off and to ask to go back to Subaru no one responded and I was fired on the next Monday.

*Id* at 5. Plaintiff asserts that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 3, 2019, and received a notice of right to sue letter ("RTS Letter") on October 11, 2019. *Id*. Attached as an exhibit to the complaint is a copy of the RTS, which is dated September 30, 2019. *Id.* at 7.

Defendant filed an answer, acknowledging that Plaintiff was transferred to a different dealership after it was discovered that she was romantically involved with her supervisor. *See* Docket Entry No. 10. Defendant also acknowledges that Plaintiff was terminated from her employment, contending that she missed workdays, missed sales meetings, and was excessively tardy. *Id*. Defendant denies treating Plaintiff in an unlawful manner. *Id*. In its answer, Defendant demands a trial by jury. *Id*. A scheduling order has been entered, providing the parties with a period for pretrial activity in the case. *See* Docket Entry No. 11. There are no other pending motions.

## II. MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S RESPONSE

By its motion for summary judgment, Defendant challenges the timeliness of Plaintiff's lawsuit, arguing that Plaintiff's complaint was filed beyond the 90 day limitations period that is applicable after the issuance of the RTS Letter. *See* Memorandum in Support (Docket Entry No. 14). Defendant supports it motion with a statement of undisputed material facts (Docket Entry No. 15), a copy of Plaintiff's charge of discrimination (Docket Entry No. 15-1), a copy of a Freedom of Information Act request made by Defendant to the EEOC (Docket Entry No. 15-2), and a copy of

2

an activity log for an EEOC on-line data base for Plaintiff's administrative proceeding before the EEOC (Docket Entry No. 15-3).

Defendant offers two theories for why Plaintiff's lawsuit should be dismissed as untimely. First, Defendant argues that this Circuit's "presumptive receipt" rule should apply and Plaintiff should be deemed to have received delivery of the RTS Letter five days after it was mailed. *Id*. at 5-6. Under this theory, Defendant argues that Plaintiff should be deemed to have received delivery of the RTS Letter on October 5, 2019, and that her complaint was thus required to have been filed by January 3, 2020, but was instead not filed until January 8, 2020. *Id*. Defendant's second theory is that Plaintiff should be deemed to have either actual or constructive notice of the RTS Letter because it was a part of the EEOC's on-line database that she accessed after the RTS Letter was issued. *Id.* at 6-7. Defendant contends that Plaintiff accessed the database on October 7, 2019, to download her charge of discrimination and, because she had the ability to also view and download the RTS Letter at that time, she could have also viewed the RTS Letter or should have known that she needed to view the RTS Letter at that time. Under this theory, Defendant argues that the 90 day period should be deemed to have been triggered on October 7, 2019, requiring Plaintiff to have filed her complaint by January 6, 2020.[2] *Id.* at 7-8.

In her original response to the motion, Plaintiff submitted a response to Defendant's statement of undisputed material facts. *See* Docket Entry No. 19. The only actual argument made by Plaintiff against dismissal was the following statement:

> Regardless of when it was mailed, I was not home to get my mail as I was in Michigan with my family from Oct. 6-10, so the very earliest I could [have] opened it was Oct. 10, 2019. I have included affidavits to support this claim.

*Id*. at 2. Plaintiff originally submitted the affidavits from two women, who are apparently relatives of Plaintiff that live in Michigan. *See* Docket Entry No. 19 at 3 & 4. The women attested that

---

[2] Defendant notes that 90 days from October 7, 2019, fell on Sunday, January 5, 2020, and, thus, the following Monday, January 6, 2020, would be the final day of the 90 day period. *See* Memorandum at 7, n.1.

Plaintiff was with them in Michigan from October 6-10, 2019. *Id*. Plaintiff also asserted that she did not know or see the RTS Letter when she accessed the EEOC on-line database. *Id*. at 2.

Defendant replied that Plaintiff's response was, itself, untimely having been filed one day past the Court's August 24, 2020, deadline for her to file a response. *See* Reply (Docket Entry No. 20). Defendant further contended that Plaintiff's response failed to provide actual proof that either rebutted the presumption that she received the RTS Letter on October 5, 2019, or that she had access to the RTS Letter on October 7, 2019, when she accessed the EEOC on-line database. *Id.*

### III. SUBSEQUENT PROCEEDINGS

After review of the parties' summary judgment filings, the undersigned issued an Amended Report and Recommendation (Docket Entry No. 23), recommending that the motion for summary judgment be granted because Plaintiff's evidence was insufficient to show that she filed her complaint within 90 days of her presumptive receipt of the RTS Letter on October 5, 2019, as required by 42 U.S.C. § 2000e(f)(1). The undersigned found that the two affidavits from Plaintiff's relatives were not sufficient to prove when she received the RTS Letter and that her statements, made in her complaint and in her response in opposition to the motion for summary judgment, about when she received the RTS Letter were not actual evidence showing when she received the RTS Letter. Because Plaintiff had not rebutted the presumption that she had received the RTS Letter on October 5, 2019, the undersigned found that her complaint had not been timely filed and should be dismissed.

Plaintiff thereafter filed an objection to the Amended Report and Recommendation, *see* Docket Entry No. 24, and included her own affidavit, in which she declares that, "I know for certain I did not receive my Right to Sue letter before I left for Michigan on the morning of October 6, 2019. I received it when I arrived home on the evening of October 10, 2019." *See* Docket Entry No. 24-1, at ¶ 3. By Order entered October 28, 2020 (Docket Entry No. 25), the Court vacated the Amended

4

Case 3:20-cv-00018   Document 26   Filed 11/02/20   Page 4 of 8 PageID #: 120

Report and Recommendation and returned the case to the Magistrate Judge to consider Plaintiff's affidavit in conjunction with the motion for summary judgment.

## IV. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## V. ANALYSIS

Defendant's motion for summary judgment should be denied. Initially, the Court declines Defendant's request, set out in its reply, to disregard Plaintiff's response to its motion as untimely and proceeds to address the merits of Defendant's arguments for summary judgment. The Court

finds that Plaintiff's affidavit, buttressed by her relatives' affidavits, is sufficient to show that she received the RTS Letter on October 10, 2019. Thus, her complaint was timely filed within 90 days of her receipt of the RTS Letter, and Defendant's untimeliness argument lacks merit.

A plaintiff pursuing a claim under Title VII must file his or her lawsuit within 90 days of receipt of the right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Fuller v. Mich. Dep't of Transp.*, 580 Fed.App'x 416, 424 (6th Cir. 2014); *Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998). Although compliance with this statutory time limit is not a jurisdictional matter, the time limit is strictly enforced. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

Defendant argues that Plaintiff's unsupported averment in her complaint[3] of when she received the RTS Letter should not be controlling and that the Court should apply the "presumptive receipt" rule that has been adopted in the Sixth Circuit. Under this rule, a plaintiff is presumed to have received delivery and receipt of the right-to-sue letter within five days following the EEOC's mailing of the letter. *Graham–Humphreys*, 209 F.3d at 557-58; *Banks v. Rockwell Int'l North American Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988). In *Graham-Humphreys*, the Sixth Circuit specifically noted that the rule creates a rebuttable presumption:

> the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period.

209 F.3d at 557. Accordingly, the avenue for relief from application of the presumptive receipt rule raised by Defendant requires a plaintiff to set forth proof that the plaintiff did not receive the right-to-sue letter within the five day period. *See Rembisz v. Lew*, 830 F.3d 681, 683 (6th Cir. 2016), and *Rembisz v. Lew*, 590 Fed.App'x 501, 504 (6th Cir. 2014) (although the plaintiff's allegation in his complaint of the date on which he received a right to sue letter was sufficient to defeat a motion to

---

[3] Plaintiff avers in her complaint that she received the RTS Letter on October 11, 2019. *See* Complaint at 5.

6

dismiss, the plaintiff, when challenged upon a motion for summary judgment, must come forward with evidence that rebuts the presumption that the mailed notice was received by the plaintiff or his counsel within the five day period).

However, the Court finds that Plaintiff's affidavit declaration is first-hand evidence of when she received the RTS Letter. In her affidavit, she declares that she did not receive the RTS letter before leaving for Michigan on October 6, 2019, and that she first received it on October 10, 2019, when she returned to her home. *See* Docket Entry No. 24-1, at ¶ 3. Her affidavit is buttressed by the two affidavits from her Michigan relatives, who declare that she was in Michigan from October 6-10, 2019. *See* Docket Entry No. 19 at 3 & 4. Given Plaintiff's affirmative evidence that (1) she had not received the RTS Letter prior October 6, 2019, (2) she was out of state from October 6-10, 2019, and (3) she did not receive the RTS Letter until returning to her home on October 10, 2019, the Court finds that the five-day presumptive receipt rule does not apply. Because Plaintiff's lawsuit was filed on January 8, 2020, the 90th day after her receipt of the RTS Letter, it was filed in a timely manner and is not subject to dismissal based on the statute of limitations.

The Court rejects Defendant's alternative argument that her physical receipt of the RTS Letter should be disregarded and that she should be deemed to have either actual or constructive receipt of the RTS Letter because she accessed the EEOC's on-line database on October 7, 2019. The activity log presented by Defendant does not show that Plaintiff downloaded or actually accessed the RTS Letter, *see* Docket Entry No. 15-3, and fails to constitute evidence that Plaintiff had actual receipt of the RTS Letter via the on-line database.

Further, with respect to constructive receipt of a right-to-sue letter, although case law does impute constructive receipt to a plaintiff in situations in which a plaintiff has received certified mail or other notification that a right-to-sue letter has been mailed, *see Graham-Humphreys*, *supra*, the Court declines to extend this authority to the instant situation involving the EEOC's on-line database. Defendant has offered no case law that is directly on point and that supports such an extension. Further, Defendant has not offered any evidence that the EEOC has adopted a practice

7

Case 3:20-cv-00018   Document 26   Filed 11/02/20   Page 7 of 8 PageID #: 123

of providing notice of a right-to-sue letter to parties via access to its on-line database that would support the contention that a party's ability to access a right-to sue letter via an on-line database can be viewed as the functional equivalent of a certified mailing or other notice of mailing of a right-to-sue letter.

# R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully RECOMMENDED that the motion of Defendant Wyatt Johnson Group, Inc. (Docket Entry No. 13) for summary judgment be DENIED.[4]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[4] If this Report and Recommendation is adopted and the case proceeds, Defendant is reminded that the settlement status report required in the case is due seven (7) days after the Court's Order on the motion for summary judgment. *See* Docket Entry Nos. 18 and 12.