UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARCI DAWN MARTINEZ | ) | |
| | ) | |
| v. | ) | NO. 3:20-cv-00018 |
| | ) | |
| WYATT JOHNSON | ) | |

**ORDER**

This is the second time in as many months where the Court has been called upon to consider a Report and Recommendation ("R&R") from the Magistrate Judge relating to Defendant's Motion for Summary Judgment. The first time around, the Court vacated the Magistrate Judge's R&R because, in conjunction with her appeal, Plaintiff filed an affidavit in which she definitively stated that she did not receive her Right-to-Sue ("RTS") letter from the Equal Employment Opportunity until she returned from Michigan on the evening of October 10, 2019. That affidavit, in conjunction with two affidavits from her relatives that had previously been filed, tended to rebut the presumptive receipt rule and supported her claim that her suit was filed within 90 days of receipt of the RTS letter as required by 42 U.S.C. § 2000e(f)(1). Considering all three affidavits on remand, the Magistrate Judge then entered another R&R, this time recommending denial of Defendant's Motion for Summary Judgment.

Defendant now objects, arguing that "under Sixth Circuit law, Plaintiff's statement denying receipt of a right-to-sue letter is insufficient to overcome the presumption that it was received within five days of mailing." (Doc. No. 28 at 2). It cites Cook v. Providence Hosp., 820 F.2d 176, 179 (6th Cir. 1987) for that proposition, but reads that case far too broadly.

1

In Cook, plaintiff claimed that she did not receive a copy of her right to sue letter until July of 1985, which was more than a year after it had been sent. She also conceded, however, that the EEOC had informed her that she would receive a right to sue letter in June 1984. Id. at 178. It is little wonder based on these facts that the Sixth Circuit affirmed the grant of summary judgment, even though "there was a factual dispute" as to when and if plaintiff received the letter. Id. at 179. "Assuming, arguendo, that [plaintiff] did not receive the Notice, she admits that she had actual knowledge, fully one year prior to suit, that the EEOC had given her the right to sue; yet, she unjustifiably failed to pursue her rights." Id. at 179. It was on those facts that plaintiff's "denials [we]re not sufficient to support a reasonable conclusion that the letter was not received," id. n.3, within the 5-day window provided by the presumptive receipt rule.

Likewise, Fuller v. Michigan Department of Transportation, 580 F. App'x 417 (6th Cir. 2014), on which Defendant also relies, must be read in context. There, plaintiff stated in his deposition that he could not recall when he received his notice of the right to sue, except to say that he received it "a week or two" after mailing. Id. at 424. Such "vague deposition testimony" was not enough to overcome the presumption of receipt within 5 days, particularly since "his 90-day deadline [for filing a complaint] had expired even under his own theory of receipt." Id.

Ultimately, Defendant's position is that a plaintiff's own words are never enough to rebut the presumption. The Court disagrees. "Sometimes, an affidavit or other sworn statement alone can rebut the presumption of receipt. E.g., Lacheta v. Madison Cnty. Hosp., No. 2:08–CV–1075, 2009 WL 3515378, at *2 (S.D. Ohio Oct.28, 2009) (affidavit); Friedman v. Swiss Re Am. Holding Corp., 512 F. App'x 94, 96 (2d Cir. 2013) (complaint declared under penalty of perjury to be true and correct); Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011)

2

(sworn testimony)." Schmidlin v. Uncle Ed's Oil Shoppes, Inc., No. 2:13-CV-10552, 2014 WL 3809415, at *5 (E.D. Mich. Aug. 1, 2014). The Court agrees with the Magistrate Judge's finding that "Plaintiff's affidavit, buttressed by her relatives' affidavits, is sufficient to show that she received the RTS Letter on October 10, 2019. Thus, her complaint was timely filed within 90 days of her receipt of the RTS Letter, and Defendants' untimeliness argument lacks merit." (Doc. No. At 6).

Accordingly, the Court rules as follows:

(1) The Report and Recommendation (Doc. No. 26) is **ACCEPTED** and **APPROVED** and Defendant's Objection thereto (Doc. No. 27) is **OVERRULED**.

(2) Defendant's Motion for Summary Judgment (Doc. No. 13) is **DENIED**.

This case is hereby returned to the Magistrate Judge for further pretrial case management.

IT IS SO ORDERED.

------------------------------------
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE